## STATE v. BRYANT.

An indictment under c. 257, s. 6, Gen. St., which contains no averment of respondent's neglect to give information of the incumbrance, so far as he knows, before any part of the consideration is paid, is bad, and will be quashed on motion.

INDICTMENT, under c. 257, s. 6, Gen. St. The indictment charged that the respondent, " on the 30th day of October, 1871, at Belmont, in the county of Belknap aforesaid, being the owner of a certain tract of land with the buildings thereon, situate in Belmont aforesaid, bounded northerly and easterly by a highway, southerly by land of J. P. Cilley, and westerly by land of the Gilmanton Mills, containing one fourth of an acre, more or less, did make, execute, and deliver a deed of mortgage of said tract of land to one Warren H. Smith, to secure the payment of the sum of five hundred and fifty dollars; and

that the said Charles D. Bryant, on the 13th day of September, in the year of our Lord one thousand eight hundred and seventy-three, at Belmont aforesaid, did make, execute, and deliver a deed of the premises aforesaid to one John A. Dow, of Concord, in the county of Merrimack and state aforesaid, and that the said Charles D. Bryant, then and there well knowing the fact of the existence. of said mortgage deed as an encumbrance on said premises, then and there neglected to inform, and did not inform, the said John A. Dow, by exception in the deed aforesaid, or otherwise, of the existence, nature, and amount of the incumbrance by said mortgage deed upon the tract of land aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

The respondent moved to quash the indictment.

*Barnard,* for the respondent.

*Currier,* solicitor, for the state.

ALLEN, J. The statute under which the indictment was found is, that if any person "shall make any deed or conveyance of any real estate, knowing that any incumbrance exists thereon, without informing the grantee, by exception in the deed or otherwise, before any part of the consideration is paid, of the existence, nature, and amount thereof, so far as he knows the same," &c. It is not alleged in the indictment that the respondent made the deed without giving the grantee the required information before any part of the consideration of the deed was paid; nor is there any allegation bringing the case within the provision of the statute, which makes the withholding of information criminal only when the concealment is continued until part of the consideration is paid. The omission of such an averment is fatal to the indictment. *State* v. *Gove,* 34 N. H. 510. It is not enough, in this case, to follow the language of the statute : the existence of the incumbrance when the deed is made, the consideration paid, or the fraud perpetrated, should be stated in positive terms. What is said about respondent's knowledge of the incumbrance is not an averment of the existence of an incumbrance, except by inference. For want of a positive averment on that subject the indictment is bad. *State* v. *Divoll,* 44 N. H. 142 ; *State* v. *Fitts, id.* 623 ; *State* v. *Beasom,* 40 N. H. 373 ; *State* v. *Barrett,* 42 N. H. 469.

*Indictment quashed.*

FOSTER, J., did not sit.